## Whitson et al. v. Parks et al.

June 12, 1942.

142

C. K. Davis and J. E. Warren for appellants.

Webb & Webb, E. E. Lebo and J. L. Robertson for appellees.

Opinion of the Court by Judge Tilford—Affirming in part and reversing in part.

On December 15, 1919, the appellees, Wilford Parks and his wife, Ella Parks, acquired title by deed from R. O. Hester and others to a rectangular tract containing 22 2/9 acres of land known and designated in the deed as Lot No. 3 in Section 14, Township 1, Range 7 West, in Fulton County. On October 9, 1923, Parks obtained from W. R. Carrigan and wife, a deed, which, according to the description therein contained, conveyed to Parks Carrigan's interest in Lot No. 3.

On January 28, 1933, Parks and his wife, in order to secure a note for $1,791.50 to a bank in Tennessee which A. E. Markham had signed as surety, executed and delivered to Markham a mortgage on the aforesaid Lot No. 3 and other property, describing Lot No. 3 exactly as it had been described in the deed from Carrigan and referring to that deed as the source of title. Markham having paid the note, Parks and his wife, on March 28, 1936, conveyed the mortgaged property to him, subject to the right to re-purchase within two years, and in that deed Lot No. 3 was described as it had been described in the Carrigan deed which was again referred to as the source of title. On October 30, 1939, Markham sold the land conveyed him by Parks to the appellants, Dan, Joe, Jesse, and Earl Whitson, describing Lot No. 3 as it had been described in the Carrigan deed.

Claiming that a mistake had been made in all of the conveyances referred to, and that Parks had in fact purchased from Carrigan Lot No. 2 of the same subdivision containing a like number of acres and lying immediately

south of Lot No. 3, and that their intention was to mortgage and thereafter convey to Markham Lot No. 2 and not Lot No. 3, the appellees, Parks and his wife, on February 7, 1940, instituted this action in equity; and on April 18, 1941, having convinced the Chancellor by proof, the sufficiency of which it is not necessary for us to comment upon, that a mistake had been made, to which, however, neither Markham, nor the Whitsons, were parties, obtained the entry of a decree adjudging them to be the owners of Lot No. 3 and directing the Commissioner to convey to the Whitsons the much less valuable Lot No. 2.

Parks possessed no record title to Lot No. 2, and neither Carrigan nor his representatives were made parties to the litigation. But disregarding procedural defects, it is sufficient to say that deeds may not be reformed so as to prejudice the rights of innocent third parties who have relied thereon, and that since the evidence fails to disclose that the Whitsons either participated in or had knowledge of the alleged mistakes, they are entitled to the benefits of their purchase from Markham who was likewise wholly innocent, and that the judgment which would compel them to accept property of lesser value must be reversed. Corpus Juris, vol. 53, Section 133, pages 983, 984, and authorities there cited.

Maud Parks, a sister of Wilford Parks, holds a mortgage dated March 1, 1932, for $1,000 on Lot No. 3, and was made a party defendant to the original petition. She asserted her claim by answer and cross-petition, and was adjudged a lien on Lot No. 3, in satisfaction of which the lot was ordered sold. We are also urged to reverse this portion of the judgment on the theory that the mortgage was without consideration, and that in any event, the mortgagee was guilty of laches which should bar her from asserting her claim. But there is nothing in the record to support these contentions. Miss Parks appears to be a woman of wealth, and devoted to her brother's interest, and there is nothing incredible in her uncontradicted testimony that she loaned him $1,000 with which to discharge a previously existing mortgage, and was perfectly willing to wait upon him indefinitely for repayment. Having duly recorded her mortgage on March 16, 1932, we know of no rule of law or equity which would have required her to take further action within the period prior to appellants' purchase in order to fully preserve her rights. Certainly there is nothing

in the facts disclosed which would even remotely suggest the applicability of the doctrine of laches.

In so far as the judgment appealed from deprives the appellants of their title to Lot No. 3 and adjudges the appellee, Parks to be the owner thereof, it is reversed. In so far as it adjudges the appellee Maud Parks a lien on Lot No. 3 to secure the payment of her mortgage indebtedness, the judgment is affirmed.